IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ROBERT MIZNER,<br><br>    Petitioner,<br><br>  v.<br><br>RANDY GROUNDS,<br><br>    Respondent.<br>_____/ | No. CV 12-00288 CRB<br><br>**ORDER DENYING MOTION FOR STAY** |

    Petitioner has moved (dkt. 15) to "stay and abey" these proceedings pending the resolution of his anticipated motion in state court for resentencing under California's recently-enacted Proposition 36. See Cal. Penal Code § 1170.126. Respondent opposes on the grounds that at least one, and possibly two, of Petitioner's claims will remain in this case regardless of the outcome of state proceedings; that Petitioner will later be able to raise constitutional challenges to the resentencing proceedings without running afoul of the bar on second or successive habeas petitions; and that granting a stay would be inconsistent with the purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA).

    Petitioner has not presented a so-called "mixed" petition with exhausted and unexhausted claims, see Rhines v. Weber, 544 U.S. 269, 271 (2005); rather, he seeks to stay his petition raising fully exhausted claims based on the possibility that additional claims may–or may not–become ripe as a result of his resentencing proceedings. Petitioner cites no precedent supporting a stay in such a situation, but says it is appropriate because, according

to Petitioner, he might be barred from later raising claims related to his resentencing. The precedent cited to the Court, see Magwood v. Patterson, 130 S. Ct. 2788, 2796 (2010) (referring to "an exception to § 2244(b) for a second application raising a claim that would have been unripe had the petitioner presented it in his first application" (citing Panetti v. Quarterman, 551 U.S. 930, 947 (2007))), and the government itself, Opp'n at 3 n.2, suggest otherwise.

Because the state resentencing proceedings will not resolve at least some of Petitioner's claims, and Petitioner's hypothetical claims regarding his resentencing proceeding are not yet ripe, the Court concludes that a stay is inappropriate and inconsistent with AEDPA's emphasis on speedy resolution of federal habeas petitions. Cf. Rhines, 544 U.S. at 278. The Court therefore DENIES Petitioner's motion.

**IT IS SO ORDERED.**

Dated: May 20, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE