United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY ROBERT MIZNER,

Petitioner,

v.

RANDY GROUNDS,

Respondent.

No. CV 12-0288 CRB

**ORDER DENYING MOTION FOR A WRIT OF HABEAS CORPUS**

Petitioner Anthony Robert Mizner filed this petition for a writ of habeas corpus alleging that the length of his conviction was the result of ineffective assistance of counsel. Specifically, petitioner argues that counsel was deficient because he did not move for petitioner's possession of .46 gram of methamphetamine to be charged as a misdemeanor rather than a felony. Petitioner also contends that a sentence of twenty-seven years to life in prison under California's three-strikes statute is unconstitutionally disproportionate to the crime which triggered the sentence. Finally, petitioner argues that imposing this sentence based on his recidivism amounts to Double Jeopardy. As a threshold matter, petitioner requests that the Court take judicial notice of a prior California Court of Appeal decision which suggested that a reasonable juror could determine that petitioner had only two strikes for purposes of the three-strikes statute at the time he was charged. After considering the parties' arguments, the Court GRANTS petitioner's motion for judicial notice and DENIES the motion for a writ of habeas corpus.

United States District Court
For the Northern District of California

## I. BACKGROUND

On July 23, 2008, petitioner was stopped by a police officer while he rode a bicycle through a closed construction area in San Benito County. See Answer to Petition for Writ of Habeas Corpus ("Answer") (dkt 7-1) at 2. After petitioner consented to a search, the officer found a small bag containing .46 gram of methamphetamine on his person. Id. Petitioner pleaded guilty in San Benito County Superior Court to one count of possession of methamphetamine on October 15, 2008. See Petitioner's Motion for Judicial Notice ("MJN") (dkt. 27) at 1. Before sentencing, petitioner requested that the court strike all prior strike convictions because California's three-strikes statute would require a sentence of twenty-five years to life in prison, which petitioner argued was grossly disproportionate to his minor possession charge. Id. at 2. After the court denied petitioner's request, it sentenced him to twenty-seven years to life in prison based on his "extensive criminal history" and the recommendation of his probation officer. See Answer at 2.

The State contends that the petitioner has a "horrendous criminal record" including three prior strikes, one of which was for assault with a deadly weapon, and thirteen other prior felonies. See MJN at 3; Answer at 10. Petitioner now argues that only two of his prior felonies should be considered as strikes. See MJN at 6. To support this contention, petitioner requests that the Court take judicial notice of the California Court of Appeal's opinion in People v. Mizner, No. 02-H021026, 2002 WL 433150 (Cal. Ct. App. Mar. 18, 2002), in which the court stated that a reasonable trial court could find that petitioner presented "valid arguments for striking all but one of the petitioner's prior arson convictions." Id., Exh. A at 13.

## II. LEGAL STANDARD

### A. Judicial Notice

When deciding a habeas petition, the court "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). However, federal courts "retain discretion to take judicial notice of documents or facts 'not subject to reasonable dispute.'" Trigueros v. Adams, 658 F.3d 983, 987 (9th

Cir. 2011). Courts "may take judicial notice of 'matters of the public record,'" and proceedings in another California habeas case have been deemed appropriate for judicial review. Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001); White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).

**B. Ineffective Assistance of Counsel**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the district court can grant a state prisoner's petition for a writ of habeas corpus (1) if the petitioner's conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or (2) if the conviction "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The court can grant a habeas petition if the petitioner shows that he received ineffective assistance of counsel and that the ineffective assistance prejudiced the outcome. Strickland v. Washington, 466 U.S. 668, 686 (1984).

In order to prevail on a habeas claim based on ineffective assistance of counsel, the petitioner has the burden of proving two elements. "First, the defendant must show that counsel's performance was deficient," meaning that counsel was not functioning as a competent advocate. Id. at 687. "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." Id. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Federal courts adopt a "highly deferential standard for evaluating state court rulings." Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997); Woodford v. Visciotti, 537 U.S. 19, 24 (2002). In order to issue a writ of habeas corpus, the federal court must conclude both that the state court decision was incorrect, and that it was unreasonable. Williams v. Taylor, 529 U.S. 362, 411 (2000). "The standards created by Strickland and § 2254(d) are both 'highly

deferential,' and when the two apply in tandem, review is 'doubly' so." Harrington v. Richter, 131 S. Ct. 770, 788 (2011) (internal citations omitted).

**C. Cruel and Unusual Punishment Under the Eighth Amendment**

The Eighth Amendment "prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime." Rummel v. Estelle, 445 U.S. 263, 271 (1980). "The Eighth Amendment does not require strict proportionality between crime and sentence," and only invalidates a sentence that is overwhelmingly disproportionate. Ewing v. California, 538 U.S. 11, 23 (2003). A sentence will be found grossly disproportionate only in "exceedingly rare" and "extreme" cases. Lockyer v. Andrade, 538 U.S. 63, 73 (2003).

Under California's three-strikes statute, any felony conviction can constitute the third strike and subject a defendant to a term of twenty-five years to life in prison. Id. at 67. A long sentence can be constitutional even if the most recent offense was minor or nonviolent. Andrade, 538 U.S. at 77; Ewing, 538 U.S. at 30-31; Rummel, 445 U.S. at 285.

**D. Double Jeopardy**

The Double Jeopardy Clause of the Fifth Amendment does not conflict with California's three-strikes statute. The Supreme Court has "rejected double jeopardy challenges" to recidivist statutes like California's three strikes law because the "enhanced punishment imposed for the later offense 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes,' but instead as 'a stiffened penalty for the latest crime.'" Witte v. United States, 515 U.S. 389, 400 (1995) (quoting Gryger v. Burke, 334 U.S. 728, 732 (1948)).

## III. DISCUSSION

**A. Judicial Notice Is Appropriate For Prior Court Decisions**

Before determining whether to grant petitioner's habeas corpus petition on the ineffective assistance of counsel, Eighth Amendment, and Double Jeopardy claims, petitioner asks the Court to take judicial notice of a prior unpublished California court of appeals decision in which the court suggested that only two of his prior offenses should be

United States District Court
For the Northern District of California

considered strikes. See People v. Mizner, No. 02-H021026, 2002 WL 433150, at *13 (Cal. Ct. App. Mar. 18, 2002).

The court of appeal wrote that although petitioner has a long criminal record, many of his prior felonies can be condensed so that the petitioner has fewer strikes. Id. For example, six of petitioner's strikes all arose from a single arson, and the legislature subsequently enacted a provision which the court of appeals determined indicates "that the Legislature did not intend for circumstances such as these to give rise to seven counts of arson." Id. The court concluded that "[t]he fact that the prior arson convictions were stayed, that they arose out of a single act, and that the enhancement statute suggests that these circumstances now constitute only one count of arson, all present valid arguments for striking all but one of petitioner's prior arson convictions." Id.

The Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," meaning that a federal court can only consider evidence that was available when the state court decision was made. Pinholster, 131 S. Ct. at 1398. In Trigueros—a post-Pinholster case—the Ninth Circuit Court of Appeals acknowledged that on habeas review, the court considers the record "as developed before appeal," but held that federal courts "may take judicial notice on appeal." 658 F.3d at 987. Indeed, "judicial notice may be taken at any stage of the proceedings, whether in the trial court or on appeal." Fed. R. Evid. 201(f) advisory committee's note.

The California Court of Appeal denied petitioner's motion for judicial notice of the prior unpublished decision because "the information contained in that opinion was not before the trial court at sentencing." People v. Mizner, No. H035144, 2011 WL 263209, at *1 (Cal. Ct. App. Jan. 26, 2011). However, "a court may take judicial notice of 'matters of the public record.'" Lee, 250 F.3d at 689 (citing Fed. R. Evid. 201). The Ninth Circuit has held, for example, that a separate case's docket sheet, proceedings in another California habeas case, and state bar records reflecting disciplinary proceedings "are appropriate for judicial notice." White, 601 F.3d at 885. Taking judicial notice of a prior state appellate court decision—even

United States District Court
For the Northern District of California

if unpublished—that is directly related to the present action is consistent with the Ninth Circuit's holdings in White and Trigueros.

For the foregoing reasons, the Court GRANTS petitioner's motion to take judicial notice of the California Court of Appeal decision. This does not mean, however, that the state court erred in determining that petitioner had more strikes.

### B. Petitioner Has Not Shown That He Was Prejudiced By Ineffective Assistance Of Counsel

Petitioner argues that the California Court of Appeal erred in holding that he was not prejudiced by ineffective assistance of counsel. Petitioner argues that his counsel should have moved for his minor possession to be charged as a misdemeanor rather than a felony. Petitioner does not identify, however, any evidence that counsel's motion would have been granted, or that petitioner would have avoided sentencing under the three-strikes statute.

In order to prevail on a habeas corpus petition alleging ineffective assistance of counsel, petitioner must allege and provide evidence that (1) "counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Even if the court finds counsel deficient, his error "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. "The likelihood of a different result must be substantial, not just conceivable." Harrington, 131 S. Ct. at 792.

Here, to meet the burden set forth in Strickland, petitioner must show not only that his counsel was deficient in not moving to sentence the possession charge as a misdemeanor, but also that the motion would have been granted, and that it would have precluded petitioner from being sentenced under California's three-strikes statute. Petitioner has not met this burden. Assuming, without deciding, that petitioner's counsel was deficient,[1] petitioner's

---

[1] It is difficult to understand why petitioner's counsel would permit petitioner to plead guilty to possession of methamphetamine, charged as a felony and triggering the three-strikes statute, without moving to reduce the charge to a misdemeanor. Regardless of how deficient this may seem, however, Strickland requires a petitioner to prove that the result would have been different but for counsel's deficient conduct, an incredibly difficult standard to meet. 466 U.S. at 687.

**United States District Court**
For the Northern District of California

argument still fails because he cannot show that the deficient performance was prejudicial such that the state court's determination was objectively unreasonable and should be reversed. See, e.g., Andrade, 538 U.S. at 67-68 (noting that the trial court denied the defendant's motions to reduce his felonies to misdemeanors). Additionally, the court of appeal referred to petitioner's extensive criminal history and failure to comply with the conditions of his probation to support its determination that petitioner could not "demonstrate that even if defense counsel had made a motion it is reasonably probable it would have been granted." People v. Mizner, No. H035144, 2011 WL 263209, at *3 (Cal. Ct. App. Jan. 26, 2011).

Petitioner has failed to establish that the court of appeal's determination that he was not prejudiced by counsel's alleged ineffective assistance was objectively unreasonable. In fact, the state court determined that based on its review of petitioner's prior offenses, including his "failure to benefit from the grant of probation and the egregiousness of petitioner's prior convictions," petitioner could not prove that counsel would have been successful even if he had moved for the court to reduce his possession charge to a misdemeanor. People v. Mizner, No. H035144, 2011 WL 263209 at *3 (Cal. Ct. App. Jan. 26, 2011). Even if this determination was *incorrect*, habeas relief is not warranted unless the state court's determination is objectively *unreasonable*. Woodford, 537 U.S. at 26; Renico v. Lett, 559 U.S. 766, 778 (2010). Since petitioner has not shown that the state court's determination was objectively unreasonable, the Court DENIES petitioner's ineffective assistance of counsel claim.

### C. Petitioner's Sentence Does Not Violate The Eighth Amendment

Petitioner also contends that the California Court of Appeal erred in holding that a sentence of twenty-seven years to life in prison does not constitute cruel and unusual punishment under the Eighth Amendment.

Petitioner has not met his burden of showing that the state appellate court's conclusion that twenty-seven years to life in prison does not constitute cruel and unusual punishment

was objectively unreasonable.[2] The Supreme Court has routinely held that sentences of twenty-five years to life in prison for recidivists are constitutional, even when the triggering crime was minor or nonviolent. See, e.g., Andrade, 538 U.S. at 77 (holding that it was not unreasonable application of clearly established law for a California appellate court to affirm a sentence of twenty-five years to life in prison for a triggering crime of stealing $84.70 worth of merchandise); Ewing, 538 U.S. at 30-31 (holding that a sentence of twenty-five years to life in prison was not unconstitutionally disproportionate when the defendant's triggering crime was theft of three golf clubs); Rummel, 445 U.S. at 285 (holding that a mandatory life sentence for a triggering crime of obtaining $120.75 by false pretenses did not constitute cruel and unusual punishment).

Petitioner argues that the state court erred in upholding his recidivist sentence because the court failed to interpret Solem v. Helm, 463 U.S. 277 (1983), as controlling. In Solem, a plurality of the Supreme Court held that the defendant's sentence of life without the possibility of parole was unconstitutionally disproportionate to the triggering crime of writing a no account check, "one of the most passive felonies a person could commit." 463 U.S. at 298, 303. Solem held that the court must focus on the triggering felony rather than the defendant's prior felonies, but acknowledged that "prior convictions are relevant to the sentencing decision." Id. at 296 n.21. Solem distinguished Rummel, the Supreme Court's leading case on recidivist cases at this point, largely because the defendant in Solem would never be eligible for parole, which indicates that his sentence was far more disproportionate than the defendant in Rummel, who was potentially up for parole in twelve years. Id. at 297.

Despite petitioner's heavy sentence for a minor triggering crime, petitioner cannot show that the sentence is objectively unreasonable under Supreme Court precedent. Rummell, Andrade, and Ewing have each held that long sentences for recidivists do not

---

[2] There is no doubt that a sentence of twenty-seven years to life in prison for a triggering crime of possession of .46 gram of methamphetamine is a harsh penalty. The sentence "is the third most severe penalty available under California law, exceeded in severity only by death and life imprisonment without the possibility of parole." Gonzalez v. Duncan, 551 F.3d 875, 886 (9th Cir. 2008). The question before the Court, however, is not whether petitioner received a harsh sentence, but whether the court of appeal's decision to uphold the sentence was objectively unreasonable.

constitute cruel and unusual punishment, even when the triggering offense was minor. Additionally, the state court could have reasonably determined that Solem was not applicable here because petitioner has the possibility of parole. Since none of these Supreme Court precedents support petitioner's claim that his sentence of twenty-seven years to life in prison for his nonviolent triggering offense was objectively unreasonable, the Court DENIES petitioner's Eighth Amendment claim.

**D. Petitioner's Sentence Does Not Constitute Double Jeopardy**

The petitioner further argues that his sentence of twenty-seven years to life in prison for possession of .46 gram of methamphetamine amounts to Double Jeopardy in violation of the Fifth Amendment. Petitioner relies on the Supreme Court's holding that the Double Jeopardy clause "serves the function of preventing both successive punishment and successive prosecution." Witte, 515 U.S. at 395-96 (internal citations omitted). The Supreme Court has expressly held that "[i]n repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges." Id. at 400. "[T]he enhanced punishment imposed for the later offense 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes,' but instead as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense'" because it is repetitive. Id. (citing Gryger, 334 U.S. at 732). Petitioner's Double Jeopardy claim is DENIED.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS petitioner's motion for judicial notice, and DENIES the petition for a writ of habeas corpus.

**IT IS SO ORDERED.**

Dated: September 27, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE